Argued June 4, affirmed June 24, 1964

# STATE OF OREGON *v.* DIXON
### 393 P. 2d 204

*Harry A. Harris,* Oregon City, argued the cause and filed a brief for appellant.

*Gary J. Lekas,* Deputy District Attorney, Oregon City, argued the cause for respondent. On the brief was Patrick D. Gilroy, Deputy District Attorney, Oregon City.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

GOODWIN, J.

The defendant pleaded guilty to a violation of ORS 163.210 (rape) and appeals from a judgment of imprisonment for "an indeterminate term not to exceed his natural life."

After a plea of guilty, only the excessiveness or illegality of the sentence may be considered upon an appeal. ORS 138.050; *State v. Jairl,* 229 Or 533, 541-542, 368 P2d 323 (1962). A sentence may be excessive because it is beyond the maximum statutory penalty, or because it is "cruel or unusual." *State v. Montgomery,* 237 Or 593, 392 P2d 642 (1964). A sentence may also be attacked at any time if the statute under which it is imposed is unconstitutional. In this appeal,

the defendant alleges that the punishment is cruel or unusual, and that the statute under which it is imposed is unconstitutional.

The indeterminate life sentence for certain sexual offenses is found in ORS 137.111, which provides that a person convicted of violating ORS 163.210 may be sentenced to life in prison, if:

"(1) The offense involved a child under the age of 16 years; and

"(2) The court finds that such person has a mental or emotional disturbance, deficiency or condition predisposing him to the commission of any crime punishable under ORS 163.210 [and other sections] to a degree rendering the person a menace to the health or safety of others."

The trial court found that this defendant fell within the terms of sections (1) and (2) of ORS 137.111. Upon pleading guilty to an offense involving a child under 16 years of age, the defendant satisfied ORS 137.111 (1). Pursuant to the provisions of ORS 137.112, a psychiatrist at the Oregon State Hospital made an initial determination that the defendant was suffering from a mental condition as outlined in ORS 137.111 (2). The psychiatrist's report was submitted to the court and a hearing was held. ORS 137.113 to 137.115. In a judicial proceeding contemplated by ORS 137.114, the trial court found that the defendant fell within the terms of ORS 137.111 (2).

■ The defendant's challenge of the sentence as excessive because it is cruel or unusual need not detain us. If the sentence was within the authority of the court to impose, there is nothing about the sentence itself that would justify this court in substituting its discretion for that of the trial judge. *State v. Montgomery,* supra.

The remaining question is whether the enhanced-penalty scheme outlined in ORS 137.111 through 137.117 is constitutional. The defendant contends that since ORS 163.210 carries a maximum penalty of twenty years his rights are infringed when he is sentenced to a greater term after a hearing under ORS 137.114. The defendant also contends that the finding of the trial court (as required under ORS 137.111 (2)) that the defendant is a menace to others is a factual determination. He therefore says that he should have had a jury trial on that question.

■■ This court has held in analogous cases that it is within the power of the legislature to designate certain factual situations in which criminal penalties may be enhanced without the necessity of a trial by jury. See, e.g., *State v. Hoffman*, 236 Or 98, 385 P2d 741 (1963). In the instant case, a jury was not required. In *Kloss v. Gladden*, 233 Or 98, 377 P2d 146 (1962), we quoted with approval the following, 233 Or at 102:

"* * * The due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure. So to treat the due process clause would hinder if not preclude all courts—state and federal—from making progressive efforts to improve the administration of criminal justice." *Williams v. New York*, 337 US 241, 251, 69 S Ct 1079, 93 L Ed 1337 (1949).

In a recent case in which the indeterminate life sentence had been imposed upon a person convicted of indecent exposure, we upheld another section of the same general statutory scheme that is involved in this case. We observed:

"* * * that the sentence provided for in ORS 167.050 was probably enacted as a part of a

statutory scheme designed to provide a more effective rehabilitation program for sex law offenders. In the same Act which contained ORS 167.050 the legislature enacted what is now compiled as ORS 144.228 requiring a periodic review of the files of those persons convicted under ORS 167.050 * * *. Undoubtedly this legislation was influenced by the movement then under way which proposed that sex law offenders be incarcerated for an indeterminate time so as to measure their imprisonment in accordance with the time that it was necessary to effect psychiatric rehabilitation * * *." *Jensen v. Gladden,* 231 Or 141, 146, 372 P2d 183 (1962).

Affirmed.