Argued January 10, affirmed February 23, petition for
rehearing denied March 21, 1967

RICHARD  ALVIN  SCHILDAN, *Appellant, v.*
GLADDEN, *Respondent.*

424 P. 2d 240

*Gary D. Babcock,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Lawrence A. Aschenbrenner, Public Defender,
Salem.

*David H. Blunt,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief
was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER,
SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN,
Justices.

GOODWIN, J.

The petitioner in this postconviction appeal under ORS 138.510 to 138.670 claims a denial of due process in that his confession to an act of sodomy upon a three-year-old girl was involuntary.

The postconviction trial court found that the prisoner was a 27-year-old moron (mental age 7 to 12) who could neither read nor write, who had spent seven months in a mental hospital (after pleading guilty to a larceny which he may not have committed), and who, at the time of the postconviction hearing, could only vaguely comprehend what was taking place in the courtroom. That court also found that he had confessed while he was in custody and without being advised of his right to counsel. He gave a complete confession orally during interrogation, and acknowledged with his mark two written forms thereof prepared by the police.

The record calls into serious question the voluntariness of the confession. See *Blackburn v. Alabama,* 361 US 199, 80 S Ct 274, 4 L Ed 2d 242 (1960). The postconviction court held, however, that the confession was voluntary. The appeal challenges that ruling. We do not reach the constitutional question because it conclusively appears that the prisoner waived the right to challenge the confession on the ground that it was not voluntary.

The state's first witness was the mother of the victim. The state's second witness was one of the officers who interrogated the prisoner. After the usual preliminary questions of the officer, the transcript reveals the following:

PROSECUTOR: "The State will submit the witness to cross-examination on the preliminary issue of voluntariness."

DEFENSE COUNSEL: "No cross-examination. Thank you, your honor."

After the officer had testified at length and without objection to the oral statement given by the prisoner, the state asked that the first of two written confessions be marked as an exhibit, and offered it in evidence. At that point, defense counsel stated that he had some questions about the exhibit. Counsel then developed the fact that the written exhibit was prepared by a court reporter after extensive oral interrogation by the detectives. Again we turn to the transcript:

DEFENSE COUNSEL: "And a statement was taken. If it please the Court, I would like to read this with * * * [the detective on the witness stand] in its entirety."

THE COURT: "All right, you may."

DEFENSE COUNSEL: "It's very brief."

PROSECUTOR: "State has no objection."

Whereupon defense counsel proceeded to read aloud to the jury the questions, and the detective read the answers, which made up the exhibit. Subsequently, the same procedure was followed with the second written confession, a seven-page document that had been prepared by a court reporter in much the same fashion as the shorter document. From a reading of the record as a whole, it is apparent that the theory of the defense was that the prisoner was mentally so defective that he could not be held responsible for his conduct. He had pleaded not guilty by reason of mental defect, as may be done under ORS 135.870. The material contained in the confessions was consistent with that theory of the defense. The jury elected, however, to find him guilty.

The prisoner now contends that his counsel's failure to object was not a valid waiver of the prisoner's constitutional rights. He cites *Henry v. Mississippi,* 379 US 443, 85 S Ct 564, 13 L Ed 2d 408 (1965), which says that in some circumstances a failure to object to illegally obtained evidence will not bind the client.

In *Henry v. Mississippi,* the court remanded the case to the state court to conduct a hearing to determine whether petitioner, by his attorney, deliberately chose not to object to the receipt of evidence which petitioner claimed had been illegally seized. If counsel did so deliberately choose, he would have waived his client's constitutional right, unless there is some rule of law to the effect that counsel's conduct of the trial is not binding upon his client.

We are not prepared to declare, as a matter of law, that counsel was so incompetent as to constitute a denial of counsel under the Sixth Amendment. Neither are we prepared to hold, as a matter of law, that a criminal defendant is not bound by his attorney's conduct of his trial. In the absence of a showing of incompetence or misconduct on the part of counsel, a prisoner in such a case has no right to another trial on another theory presented by another attorney.

The deliberate bypass of state procedures is the waiver test directed for federal habeas corpus proceedings by state prisoners. *Fay v. Noia,* 372 US 391, 83 S Ct 822, 9 L Ed 2d 837 (1963). Whether, in direct appeals and collateral attacks, all alleged waivers should be tested by the federal test or by some other test, we find in this proceeding that the petitioner, through his attorney, deliberately decided not to object to the admission of the confession. Counsel thereby waived his client's right to contend now that he was convicted by an involuntary confession. Because the

record shows a deliberate waiver, it is unnecessary to remand this case to the trial court for findings upon the issue of intentional waiver.

Affirmed.