Argued May 4, reversed and remanded October 4, 1967

WILLARD LEE CLARK, *Appellant, v.*
GLADDEN, *Respondent.*
432 P. 2d 182

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

*Helen B. Kalil,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER,

Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

GOODWIN, J.

A prisoner serving an enhanced sentence as a habitual criminal appeals from a judgment which denied postconviction relief. The court sustained a demurrer to a petition alleging that the Missouri, Oklahoma, and Texas convictions which the sentencing court had considered in applying the Oregon recidivist law were invalid because of denial of counsel and other constitutional defects.

As a preliminary question, we must decide whether the prisoner has lost his right to challenge his foreign convictions by not raising his questions at the hearing in which he was found to be a habitual criminal.

When the prisoner appeared for resentencing under ORS 168.015 to 168.085, he did not see fit to challenge any of his foreign convictions. Five foreign convictions were alleged against him, and he admitted that he had been convicted in each of the cases. He was represented by counsel at the time of the hearing, and counsel raised no question concerning alleged constitutional deficiencies. The state now argues that by failing to raise the constitutional questions at the time of his sentencing under ORS 168.085 and by failing to appeal he waived his right to raise these questions at a later time. While it would have been better procedure to have made a timely objection in the court which was considering the prisoner's status as a habitual criminal instead of bringing these new proceedings before another circuit court, the question of waiver is controlled by statute.

The only statutory provision concerning a waiver of defenses to former convictions is the following:

ORS 168.075. "Unless the proof shows the exception of a former conviction under subsection (1) or (4) of ORS 168.015, the defendant waives the exception by failure to claim it at the hearing on the allegations of the information."

The two subsections referred to provide:

ORS 168.015. "(1) 'Conviction' means an adjudication of guilt upon a plea, verdict or finding in a criminal proceeding in a court of competent jurisdiction, but 'conviction' does not include an adjudication which has been expunged by pardon, reversed, set aside or otherwise rendered nugatory.

"* * * * *

"(4) Except under ORS 166.230 and 167.050, a conviction is not a 'former conviction of a felony' if:

"(a) The offense was committed when the defendant was under 16 years of age;

"(b) That conviction was rendered after the commission of the principal felony;

"(c) It is the defendant's most recent conviction described in subsection (3) of this section, and the defendant was finally and unconditionally discharged from all resulting imprisonment, probation or parole more than seven years before the commission of the principal felony; or

"(d) That conviction was by court-martial of an offense denounced only by military law and triable only by court-martial."

The statutory language relevant to this case is that of the definition of a "conviction" which excludes "an adjudication which has been expunged by pardon, reversed, set aside, or otherwise rendered nugatory."

The prisoner would have us construe the words "or otherwise rendered nugatory" as meaning "or otherwise adjudicated to be nugatory." The state apparently would have us read the words as meaning "or otherwise deemed nugatory."

Difficulty of the kind created by the ambiguity in our statute has been obviated in New York by a specific amendment in 1964, which reads:

> "* * * provided however, that no previous conviction in this or any other state shall be utilized as a predicate for multiple offender treatment pursuant to * * * this article if such conviction was obtained in violation of the rights of the person accused under the applicable provisions of the constitution of the United States.

> "An objection that a previous conviction was unconstitutionally obtained may be raised at this time and the court shall so inform the person accused. Such an objection shall be entered in the record and shall be determined by the court, without empanelling a jury. The failure of the person accused to challenge the previous conviction in the manner provided herein shall constitute a waiver on his part of any allegation of unconstitutionality unless good cause be shown for his failure to make timely challenge * * *." N Y Sess Laws 1964, ch 446, § 1.

Until our Legislative Assembly provides such clear statutory direction as has been provided in New York, we construe our present statutory language "or otherwise rendered nugatory," in light of the terms "has been" "expunged," "reversed," and "set aside," as requiring an accomplished act to relieve the prisoner of the unconstitutional judgment. The alternative would be to disregard the words "has been," and hold that the mere failure of the prisoner to challenge a

former conviction on grounds other than those spelled out in ORS 168.015 (1) and (4) is itself a waiver of the right to raise such questions. Since such an intent could have been expressed in a very few words, and was not, we do not believe such an intent can be inferred. Our construction of the statutory language is fortified by the fact that our Legislative Assembly has provided elsewhere in the code a comprehensive postconviction remedy which, on its face, appears to apply to the kind of problem now before us.

■ Under ORS 138.510(1)[1] a prisoner has a statutory right, however tardily he may act, to petition for redress of constitutional grievances so long as the questions presented were not actually decided in his former proceedings nor otherwise barred by express terms of the statute. See ORS 138.550 (1), (2)[2].

■ The language of ORS 138.510 restricting post-conviction relief to persons "convicted of a crime under the laws of this state" likewise does not bar this prisoner. The principal conviction which started the chain

---

· [1] ORS 138.510(1). "Except as otherwise provided in ORS 138.540, any person convicted of a crime under the laws of this state may file a petition for post-conviction relief pursuant to ORS 138.510 to 138.680."

· [2] ORS 138.550. "The effect of prior judicial proceedings * * * shall be as specified in this section and not otherwise:

"(1) The failure of petitioner to have sought appellate review of his conviction, or to have raised matters alleged in his petition at his trial, shall not affect the availability of relief * * *. But no proceeding under ORS 138.510 to 138.680 shall be pursued while direct appellate review of his conviction, a motion for new trial, or a motion in arrest of judgment remains available.

"(2) When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted * * * unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding * * *.

"* * * * *."

of events leading to the present sentence was an Oregon conviction for burglary. This is a conviction within the meaning of ORS 138.510 (1). While the principal conviction is not being challenged on the issue of guilt or innocence, the sentence ultimately entered as the result thereof is being challenged. Subsection (c) of ORS 138.530 (1) specifically makes the unconstitutionality of a sentence a ground for postconviction relief.

While the Oregon postconviction statute does not, in so many words, say that the unconstitutionality of foreign judgments can be reached in proceedings brought under the statute, there is no reason for denying relief when such judgments are by Oregon law allowed to affect Oregon sentences. See Collins and Neil, *The Oregon Postconviction Hearing Act,* 39 Or L Rev 337, 345 (1960). In Minnesota, where there was no postconviction statute, the court reached the same result by shaping habeas corpus to fit the situation. See *State ex rel Holm v. Tahash,* 272 Minn 466, 139 NW2d 161 (1965).

The next question is whether the courts of this state should entertain collateral attacks upon the judgments of conviction entered in the courts of other states, and if so the extent to which such judgments may be re-examined. As noted, New York has settled the question by statute.

The full-faith-and-credit clause of Article IV, § 1, of the United States Constitution is not offended by a properly limited collateral attack. No state is required to take notice of foreign convictions in sentencing those who violate its own criminal laws. Each state is free to give foreign convictions such force as it deems proper in the administration of local sen-

tencing policy. The courts of each state must determine which convictions meet constitutional standards in carrying out the legislative policy of their own recidivist laws. Thus, while a challenge to a foreign conviction in a local sentencing proceeding may take the form of a collateral attack, there is no constitutional reason for disallowing such an attack. See, e.g., *People v. Coffey,* — Cal2d —, 430 P2d 15, 60 Cal Rptr 457 (1967); *In re Woods,* 64 Cal2d 3, 409 P2d 913, 48 Cal Rptr 689 (1966); *State v. Dalrymple,* 75 N Mex 514, 407 P2d 356 (1965); *United States ex rel LaNear v. LaVallee,* 306 F2d 417 (2d Cir 1962). See also cases noted in Norton, *Gideon and the Habitual Criminal Statutes,* 6 Washburn L J 24 (1966).

■ An Oregon convict, therefore, may, when charged under ORS 168.055 with being a habitual criminal, allege constitutional defects and thereby call into question one or more of his prior convictions.

If his allegations meet Oregon standards of legal sufficiency, and if his allegations are admitted or proven, the sentencing court will disregard the convictions thereby found to be constitutionally defective. See *Oyler v. Boles,* 368 US 448, 82 S Ct 501, 7 L Ed 2d 446 (1962).

■ There is no reason for treating a foreign conviction differently than an Oregon conviction in carrying out Oregon sentencing policies. The substantive question in either case is whether the former conviction being called into question is one that ought to be considered as a part of the criminal history of the prisoner for our own sentencing purposes.

Some courts have taken the position that a state which chooses to employ foreign convictions as part of its sentencing scheme should be prepared in every

case to support the constitutionality of the foreign convictions against any challenge that might be asserted, regardless of the character of the alleged defect, the difficulty of proof, or the hazards of relying upon faulty memories. See *United States ex rel Savini v. Jackson,* 250 F2d 349 (2d Cir 1957). We do not believe that it is necessary at this time to adopt so sweeping a rule.

For our own purposes in administering the Oregon recidivist laws, the courts of this state can distinguish between a foreign conviction in which the prisoner alleges defects that could be reached by collateral attack if it were an Oregon judgment and one in which he alleges some other constitutional irregularity which would not constitute grounds for post-conviction relief under ORS 138.510 to 138.670. See, e.g., *Guse v. Gladden,* 243 Or 406, 414 P2d 317 (1966).

We now turn to the prisoner's allegations to determine whether, upon the warden's demurrer, the petition states one or more grounds for relief which this court would recognize as legally sufficient if alleged against an Oregon conviction.

██ A denial of counsel at the trial is now recognized in state and federal courts as a constitutional defect that will render a conviction void, and it is one that can be asserted in a collateral attack long after the conviction has become final. *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733 (1963). A denial of counsel will also invalidate a guilty plea, and this constitutional defect can be asserted in a collateral attack. *Lawson v. Gladden,* 245 Or 492, 422 P2d 681 (1967); *United States ex rel Durocher v. LaVallee,* 330 F2d 303 (2d Cir 1964). The question now before the court is whether the petitioner

has alleged a denial of counsel in connection with each of his five former convictions.

In the case of his two Texas convictions, the prisoner alleges that police brutality, threats, promises, and illegal interrogation were employed against him before he entered a plea of guilty. His petition also reveals, however, that in each of his Texas convictions he pleaded guilty with an attorney at his side. He seeks to avoid the effect of his pleas of guilty by alleging the inadequacy of his counsel.

■ The courts of this state will not entertain a factual inquiry into the pretrial conduct of a foreign prosecution when the record reveals a guilty plea made with the advice of counsel. Any meritorious questions about pretrial irregularities could and would have been disposed of if counsel was functioning at the time of the guilty plea.

■ An allegation of the ineffectiveness or inadequacy of counsel, when tested by demurrer in collateral proceedings in this state, must allege disloyalty, bad faith, or some other improper conduct amounting to a substantial denial of the assistance of counsel. See *Benson v. Gladden,* 242 Or 132, 140, 407 P2d 634 (1965); *State v. Abel,* 241 Or 465, 469, 406 P2d 902 (1965).

The allegations of denial of counsel in connection with the two Texas convictions are identical in each case: "* * * that said attorney did not converse with petitioner or investigate the facts for preparation of petitioner's defense or advise petitioner as to the meaning of said charge, what elements comprised the charge or what acts amounted to being guilty thereof or any possible defense thereto or to plead not guilty for the purpose of having a jury trial on the merits * * *."

■ We hold that when challenged by demurrer the foregoing allegation states a substantial denial of counsel, and, if proven, would be such a denial of a constitutional right as would render an Oregon conviction void. *Carnley v. Cochran,* 369 US 506, 82 S Ct 884, 8 L Ed 2d 70 (1962); *Lawson v. Gladden,* 245 Or 492, 422 P2d 681 (1967). Accordingly, even though the Texas convictions appear to have been based upon a guilty plea entered with the advice of counsel, the complaint alleges a substantial denial of counsel and therefore states a cause of action. The demurrer should have been overruled.

■ The Oklahoma convictions present a variation of the problem of denial of counsel. The prisoner alleges that in each of his two Oklahoma convictions he was without counsel and that he pleaded guilty without ever being advised of his right to counsel. This allegation states a valid ground for relief. *Lawson v. Gladden,* supra.

The prisoner also alleges that in connection with one Oklahoma guilty plea he was further induced by the police to plead guilty in exchange for a two-day conjugal visit in the local jail. This latter allegation can be regarded as surplusage. If the prisoner was denied counsel, he was also denied an effective opportunity to present objections to pretrial police misconduct. The alleged denial of counsel, therefore, presents an assertion of fact sufficient, if true, to entitle the prisoner to relief.

In the Missouri conviction, which was also on a plea of guilty, the prisoner again alleges that he entered his plea without being advised that he could have an attorney, and that he was in fact without counsel. This allegation is likewise sufficient against

the warden's demurrer. The prisoner also alleges bargaining with police and with other officials prior to entering his plea. We disregard these latter allegations of improprieties as surplusage. They tender questions that would undoubtedly have been disposed of in the state where they allegedly occurred had counsel been provided. Since the prisoner was without counsel, his conviction is bad for that reason and it is not necessary to speculate upon the remedial actions counsel might have taken.

■ The warden, by demurring to the complaint, does not deny the prisoner's allegation that he was denied counsel in one or more of his Oklahoma and Missouri convictions. The availability of counsel is a question of fact in the two Texas convictions. If the prisoner can prove his allegations concerning his denial of counsel in any of the former convictions, his present sentence is based upon one or more unconstitutional convictions.

It necessarily follows that the demurrer should have been overruled and the cause should have been allowed to proceed to a factual determination upon the issues regarding denial of counsel.

Reversed and remanded.

LUSK, J., concurring.

I concur. I would add a word relative to the contention that under ORS 168.015 (1) and 168.075, the petitioner has waived his right to assert the invalidity of the former convictions by failing to claim it at the hearing on the allegations of the habitual criminal information. It is said that because of the constitutional defects in these convictions they have been "rendered nugatory." The words in ORS 168.015 (1) "or otherwise rendered nugatory" cannot be properly construed

to include convictions the constitutional invalidity of which had not been determined prior to the bringing of the habitual criminal proceeding. If this were so then the waiver provisions of ORS 168.075 would, as applied to some cases, be unconstitutional. The sections of the code in question were enacted in 1961. It was not until 1963 that the Supreme Court of the United States in *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L ed 2d 799, 93 ALR 2d 733, overruled *Betts v. Brady,* 316 US 455, 62 S Ct 1252, 86 L ed 1595, and held that the Sixth Amendment's guarantee of counsel was a fundamental right "brought within the Fourteenth Amendment by a process of absorption", and thus made applicable to trials in state courts.

Under the suggested construction, a defendant charged as an habitual criminal because of a conviction prior to 1963, would be held to have waived the objection that he was not represented by counsel, although he could not have known at the time of the habitual criminal proceedings that this was a constitutional defect. Similar cases may arise in the future involving as yet undetermined constitutional rights of persons charged with crime. It is not to be supposed that the legislature intended that an accused should be held to have waived a constitutional right the existence of which neither he nor anyone else was aware of at the time.

PERRY, C. J., dissenting.

The majority seems to place a strange interpretation upon ORS 168.015.

It must be remembered that the laws of this state for increasing penalties because of prior felonious convictions were first enacted in 1927. Oregon Laws,

1927, ch 334, § 1, p 432; § 13-2801, Oregon Code 1930; § 26.2801, OCLA. At that time there was contained in the Act no definition of the word "conviction." Thus the only requirement placed upon the State was to prove by the records of a court of competent jurisdiction the particular defendant's former conviction of a felony. *State v. Smith,* 128 Or 515, 273 P 323 (1929).

In 1927, many of the constitutional rights of defendants had not been discovered and, therefore, infringement of federal constitutional rights had not been imposed upon the states via the Fourteenth Amendment.

In 1959, when the legislature passed the Oregon Post Conviction Act, Oregon Laws 1959, ch 636 (ORS 138.510–680), it was enacted to provide a procedure whereby due process imposed upon the states by these newly discovered federal constitutional rights could be had without resort to federal habeas corpus. In many instances, it was doubtful if federal constitutional violations of convictions in other jurisdictions could be attacked successfully in state habeas corpus proceedings. *U. S. ex rel Dennis v. Murphy,* C.A. N.Y., 1959, 265 F2d 57.

Therefore, by the passage of the Oregon Post Conviction Act in 1959, the legislature evidently intended and provided (as now decided by the majority) a forum wherein, in response to the requirements of due process, one accused of being an habitual criminal could challenge on constitutional grounds his prior convictions upon which his enhanced sentence was based. See "The Oregon Postconviction-Hearing Act," 39 Or L Rev 337, 345 (1960), authored by Jack G. Collins and Carl R. Neil, members of the drafting committee of the Act.

In 1959, no change was made in the act of 1927 relative to defining prior convictions which might be considered as a basis for determining a convicted felon's status as an habitual criminal. However, two years after the passage of the Oregon Post Conviction Act by the legislature, which provided that:

"(1) The failure of petitioner to have sought appellate review of his conviction, or to have raised matters alleged in his petition at his trial, shall not affect the availability of relief under ORS 138.510 to 138.680. * * *." ORS 138.550(1).

the legislature amended the Habitual Criminal Act by defining the conviction which could be relied upon in law to form a basis for enhancing the penalty. ORS 138.550.

ORS 168.015(1) states:

" 'Conviction' means an adjudication of guilt upon a plea, verdict or finding in a criminal proceeding in a court of competent jurisdiction, but 'conviction' does not include an adjudication which has been expunged by pardon, reversed, set aside or *otherwise rendered nugatory*." (Emphasis supplied.)

and ORS 168.075 provided that:

"Unless the proof shows the exception of a former conviction under subsection (1) * * * of ORS 168.015, the defendant waives the exception by failure to claim it at the hearing on the allegations of the information."

From the above, it is clear to me that the legislature, after defining "conviction" and providing for waiver if not raised in the recidivist hearings, determined that all defenses to prior convictions in habitual criminal proceedings are to be tried in the court

wherein the "principal felony" conviction was had. Certainly no one would contend, after *Graham v. West Virginia,* 224 US 616, 32 S Ct 583, 56 L ed 917, (1912), that the state could rely upon invalid convictions to enhance criminal penalties. This comports with the requirements of federal due process, and a defendant may waive his right to challenge these prior convictions by failure to assert this right in the habitual criminal proceedings in the court wherein the "principal felony" conviction was had. *Oyler v. Boles,* 368 US 448, 82 S Ct 501, 7 L ed2d 446.

To avoid the effect of ORS 168.015, the majority apparently holds that the statute is unclear and, therefore, the legislative intent was to foreclose the prisoner from his post-conviction challenge only where a record had been made in some prior proceeding that disclosed that the prior conviction had been "set aside," "expunged," or "reversed."

The word "otherwise" is a word of contrast meaning "in a different way or manner;   *   *   *   under different circumstances," Webster's Third New International Dictionary; "in a different manner; in another way, or in other ways," Black's Law Dictionary, Fourth Edition. The word "nugatory" simply means "invalid, destitute of constraining force or vitality," Black's Law Dictionary, Fourth Edition.

It is, therefore, clear that the legislature by using the word "otherwise" was distinguishing between those acts which a record disclosed had been "expunged," "reversed," or "set aside," and those acts arising in some other different way or manner which voided the prior judgment.

It would be true, as argued in the concurring opinion, that under ORS 168.075 if the habitual criminal's constitutional rights had been waived by the provisions

of the statute when such rights were then unknown and undiscovered, it might not be held that that issue was foreclosed by a waiver under the statute insofar as the jurisdiction of federal habeas corpus applied. This same contention, however, would be just as valid in regard to the 1964 New York statute as to yet to be discovered federal constitutional rights, not because the statute itself is unconstitutional, but because of the requirements of federal due process that the state provide a forum in which federal constitutional rights can be resolved.

Also, it is well established there can be no waiver of an unknown right. In the situation envisaged by the concurring opinion, post-conviction proceedings would still lie if the state is to provide a forum for not yet discovered federal constitutional rights.

That is not the situation present in this case. The petitioner was informed against as an habitual criminal, and "thereafter on said information a hearing was held on *April 8, 1964,* wherein petitioner admitted the truth of all the material allegations of said information of previous convictions on file." (Emphasis supplied) The petitioner at this time was represented by able counsel, and at this time it was well known that prior unconstitutional convictions could be attacked in recidivist proceedings in both state and federal courts. *Graham v. West Virginia,* supra.

As stated in *Oyler v. Boles,* supra, 368 US 448, 454, 7 L ed2d 446, 451:

"Indeed, we may assume that any infirmities in the prior convictions *open to collateral attack* could have been reached in the recidivist proceedings, either because the state law so permits or due process so requires." (Emphasis supplied.)

At the time of petitioner's recidivist hearing *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L ed2d 799, 93 ALR2d 733, was past history.

In *Schildan v. Gladden,* 246 Or 326, 424 P2d 240, 241, we stated:

> "The deliberate bypass of state procedures is the waiver test directed for federal habeas corpus proceedings by state prisoners. *Fay v. Noia,* 372 US 391, 83 S Ct 822, 9 L ed2d 837 (1963)."

It is clear, ORS 168.075 permits a collateral attack upon prior convictions, and "[i]n *Delaney v. Gladden,* 232 Or 306, 308, 374 P2d 746, cert. den., 372 US 945, 83 S Ct 940, 9 L Ed2d 970, in applying ORS 138.550 (2), we held that the post-conviction act was not intended to provide a second appeal and that ' "no procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ', citing *Yakus v. United States,* 1944, 321 US 414, 444, 64 S Ct 660, 677, 88 L Ed 834, 859." *Benson v. Gladden,* 242 Or 132, 139, 407 P2d 634.

Certainly no one can successfully contend that the circuit court at the recidivist hearing did not have jurisdiction to pass upon the infirmities of prior convictions.

Even if it be assumed, because petitioner alleges that he was an indigent without counsel when he pleaded guilty to the two convictions in Oklahoma and one in Missouri, that he could not waive these constitutional rights in his Oregon recidivist trial, nevertheless, he was afforded counsel when he pleaded guilty to two burglaries in the state of Texas.

While stating he was appointed counsel in both Texas cases, his petition as to both these convictions states:

> "* * * that said attorney did not converse with petitioner or investigate the facts for preparation of petitioner's defense or advise petitioner as to the meaning of said charge, what elements comprised the charge or what acts amounted to being guilty thereof or any possible defense thereto or to plead not guilty for the purpose of having a jury trial on the merits; that at the time petitioner plead guilty as aforesaid he was eighteen years old and had completed the fourth grade of school and was a layman and not learned in the law."

In passing, it is amusing to note that petitioner makes the same allegation of not knowing the meaning of the charge or what elements comprise the charge of burglary even as to his three subsequent burglary convictions.

The allegation that the attorney did not "converse" with him simply means that the attorney did not afford him an opportunity for a "free exchange of views" as to the elements of the crime charged and his possible defenses, as set out subsequently in the paragraph.

None of these allegations charge incompetency of counsel, but raise the sole question of whether petitioner knowingly and intelligently waived his constitutional right to a trial by jury. This is not a waiver of the right to counsel or a waiver of pretrial incriminating statements. This is a waiver of a right made in court and with his counsel present and a matter which must be passed upon by the trial judge before the plea may be accepted.

It seems absurd to me that the courts of Oregon should arrogate to themselves the power to re-examine a question of fact previously decided in the courts of a sister state.

In my opinion, even though this court holds that the petitioner's allegations of lack of counsel in the Missouri and Oklahoma convictions were not waived in the recidivist proceedings, the two Texas convictions were valid and, therefore, the petitioner's pleading fails to state a cause for post-conviction relief.

The petitioner was convicted in this state of the crime of burglary in a dwelling which provides for imprisonment in the penitentiary for a period of not more than 15 years. ORS 164.230.

ORS 168.085, the Habitual Criminal Act, provides:

"(1) Where one former conviction of felony is found by the court, imprisonment for a term not more than twice the longest term otherwise prescribed by statute for the principal felony.

"(2) Where two former convictions of felony are found by the court, imprisonment for a term not more than three times the longest term otherwise prescribed by statute for the principal felony."

The petitioner was sentenced to the penitentiary for a period of 30 years. The above statute, ORS 168.085, authorizes the trial court to fix a sentence insofar as this petitioner is concerned of 45 years in the penitentiary. Therefore, there is no constitutional or statutory invalidity in the sentence pronounced in the original recidivist proceedings.

I had always been of the opinion that the jurisdiction of a court to grant post-conviction relief was limited by ORS 138.530 to:

"(1) * * * (a) A substantial denial in the proceedings resulting in petitioner's conviction, or

in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) *Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.* (Emphasis supplied)

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

I find nothing in the Act which permits the post-conviction court to review the discretion granted the sentencing court by the legislature in fixing the period of imprisonment. *State v. Dixon,* 238 Or 121, 393 P2d 204; *State v. Montgomery,* 237 Or 593, 392 P2d 642. Therefore, by today's decision, the majority acts for the legislature and grants to a court jurisdiction which the legislature has not seen fit to do—a usurpation of power by this court that to me is unconscionable.

Therefore, unless this court is willing to deliberately usurp the legislative function in defiance of the Oregon Constitution, the judgment of the trial court must be affirmed, whether or not the majority avoid the clear intent of the legislature expressed in ORS 168.015(1) and 168.075.

For the above reasons, I dissent.