Richard A. SCHILDAN, Petitioner-Appellant,

v.

Clarence T. GLADDEN, Warden, Respondent-Appellee.

No. 23168.

United States Court of Appeals, Ninth Circuit.

May 12, 1970.

Jonathan A. Ater (argued), Hardy W. Myers, Jr., Portland, Or., for petitioner-appellant.

Jacob B. Tanzer (argued), David H. Blunt, Asst. Attys. Gen., Lee Johnson, Atty. Gen., State of Oregon, Salem, Or., for respondent-appellee.

Before MERRILL and KOELSCH, Circuit Judges, and WILKINS,* District Judge.

MERRILL, Circuit Judge.

Appellant was convicted of sodomy in the Oregon State courts and is now serving his sentence. He seeks relief in habeas corpus. At issue is the voluntariness of confessions on which his conviction rested.

Following his conviction appellant sought post-conviction relief in the state courts. He was granted an evidentiary hearing on the basis of which the state court found that his confessions had been voluntarily given. On appeal, the Oregon Supreme Court did not reach the merits of the controversy as to voluntariness. It concluded that appellant, through his trial counsel, had for strategic purposes waived his right to assert his claim. Schildan v. Gladden, 246 Or. 326, 424 P.2d 240 (1967).

These proceedings were then commenced. An evidentiary hearing upon the issue of voluntariness was had in the District Court. The court arrived at the same result as had the Oregon Supreme Court. It did not reach the merits of the dispute, finding that deliberate by-pass and waiver precluded appellant from challenging the confessions.

Appellant at the time of his arrest was 27 years old. A childhood illness had resulted in brain damage and he had the mental capacity of a 7 to 12-year-old. He had earlier spent seven months in a mental hospital after being charged with a crime to which he had entered a questionable guilty plea. He could neither read nor write, could not tell time, or perform the simplest of arithmetical feats. His vocabulary was extremely limited, as was his understanding of much everyday language. He was abnormally anxious to please and very susceptible to suggestion.

Appellant entered two pleas to the indictment: not guilty, and not guilty by reason of mental defect. At trial the state's case consisted almost entirely of the confessions. Defendant had confessed orally to two police officers. A stenographer had then been called in and defendant had repeated his confession in response to interrogation by one of the officers. Later the performance was repeated at somewhat greater length with the state's attorney participating.

These confessions were obtained during a period in which appellant was held incommunicado and unadvised of his right to remain silent. The first oral confession, according to appellant's testimony in the state and federal post-conviction hearings, was given after he had been subjected to what was referred to by the Supreme Court in Miranda v. Arizona, 384 U.S. 436, 452, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), as the "friendly-unfriendly" or "Mutt and Jeff" interrogational technique. We agree with the Supreme Court of Oregon that "The record calls into serious question the voluntariness of the confession." 246 Or. at 327, 424 P.2d at 240.

The strategic by-pass of state procedures upon which the District Court and

---

* Honorable Philip C. Wilkins, United States District Judge for the Eastern District of California, sitting by designation.

the Oregon Supreme Court relied was based on:

1. Failure of defense counsel to accept the state's invitation to a voir dire cross-examination of the police officer respecting the voluntariness of the oral confession prior to the officer's testifying as to the substance of that confession;

2. Failure of counsel to object to the introduction of the transcripts of the subsequent confessions; and

3. Defense counsel's reading of those transcripts to the jury in their entirety.

There can be no question but that in adopting this course counsel acted deliberately and for reasons of trial strategy. The question remains, however, as to the scope of the waiver that resulted.

The trial was prior to the decision in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). At that time under Oregon law counsel could not have kept the confessions from the jury. The question of voluntariness—whether the confessions could properly be taken into consideration in a determination of guilt—was for the jury to resolve. Thus it may well be contended that any waiver of Jackson v. Denno rights was not knowing. *See* Moreno v. Beto, 415 F.2d 154 (5th Cir. 1969); United States ex rel. Ross v. McMann, 409 F.2d 1016 (2d Cir.) (en banc), cert. granted, 396 U.S. 813, 90 S.Ct. 65, 24 L.Ed.2d 67, vacated as moot, 396 U.S. 118, 90 S.Ct. 395, 24 L.Ed. 2d 303 (1969). This, however, is not the question now before us.

As we view the controversy in its present posture, the federal right here asserted is not the right to a Jackson v. Denno hearing. This would seem already to have been provided by the state court's post-conviction hearing and finding. *See* Gladden v. Unsworth, 396 F.2d 373 (9th Cir. 1968). The federal claim now pre-

sented is the underlying right not to be convicted on the basis of a coerced confession.

As to this right it cannot be said that appellant "knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures * * *." Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963). Throughout the trial defense counsel constantly emphasized that the substance of the confessions was disputed and that the defendant's contentions were that the confessions were not in truth the words of the defendant himself and that his apparent adoption of them was not a knowing and voluntary act. Counsel's strategy was designed to enable him to present these contentions to the jury in the most persuasive fashion.[1]

■ Submission of the confessions to the jury, therefore, was not a concession that they were "admissible" upon the issue of guilt. They were submitted for a resolution by the jury of that very question of "admissibility"—of their worthiness of being taken into consideration. Appropriate instructions made this clear to the jury. Oregon State procedures as then established were followed rather than by-passed for the very purpose of presenting this claim which is ultimately a federal one.

■ The remaining issue is appellant's ability to assert in a federal forum his constitutional right not to be convicted upon a coerced confession, and to challenge in that forum the state's determination of voluntariness. His right to a federal forum for this purpose is now the subject of 28 U.S.C. § 2254—in substance a codification of the rules announced in

---

1. The confessions did not bear on the plea of not guilty by reason of mental defect, and a finding that they were introduced for strategic reasons relating to that plea would, on the record before us, be clearly erroneous. Moreover, that plea would seem to have been hopeless from the outset. Appellant's own expert witness testified that appellant was capable of distinguishing right from wrong and thus was responsible for his acts under Oregon law.

Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

On remand, the District Court must examine the sufficiency of the state's determination of the voluntariness of the confessions—both by the trial court through its jury and, under 2254(d), by the post-conviction court. If it finds them unsupportable it must then decide the issue itself on the basis of the hearing it has already had and findings made from the evidence there presented.

Remanded with instructions that the order denying writ be set aside and for further proceedings.