Argued April 23, affirmed May 28, 1971

# STATE OF OREGON, *Respondent, v.*
# JOHN CALVIN GODDARD, *Appellant.*

485 P2d 650

*Mike Dye*, Salem, argued the cause for appellant. With him on the brief were Kleen & Dye, Salem.

*Gary D. Gortmaker*, District Attorney, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

Following conviction for a felony in 1967, defendant was subjected to an enhancement of penalty under the Habitual Criminal Act, ORS 168.085. He appeals, citing as error: (1) the failure of the trial court to allow defendant to collaterally attack his prior felony convictions, and (2) selective enforcement of the Habitual Criminal Act against men only, and not women, violated the defendant's right to equal protection and due process of law. We consider them in order.

In 1963, following a felony conviction, Habitual Criminal Proceedings were regularly brought against the defendant. At that time, a prior sentence of five years in the Oregon State Penitentiary was vacated

and defendant was sentenced to serve an enhanced penalty.

On December 19, 1967, defendant was convicted of Escape from Official Detention and sentenced to 15 years. Thereupon a second Habitual Criminal Proceeding against him was instituted. The last mentioned sentence was vacated, and defendant was ordered imprisoned for a period not to exceed his natural life. Defendant has appealed from that conviction.

In the second Habitual Criminal Proceeding, the district attorney filed an Information of Previous Convictions which listed the defendant's previous felony convictions. The defendant filed a motion asking for leave to collaterally attack the listed prior convictions upon the ground that they were not constitutionally valid on the grounds of "absence of counsel, coerced waiver of indictment, and other denials of due process."[1] The court denied the motion.

In the trial phase of the Habitual Criminal Proceeding the court denied the defendant's request to collaterally attack on the grounds that the defendant

---

[1] We note that the transcript sets forth defendant's contentions:

"THE COURT: What is the basis of your attack on these?

"MR. GODDARD: Escobedo.

"THE COURT: Escobedo?

"MR. GODDARD: Yes, sir, the right to counsel, to be advised of my rights, signing a waiver of indictment without knowing I had a right to counsel before I signed it. I didn't know I could have an attorney in those days."

And, referring to the first two of the defendant's prior convictions, his attorney stated:

"* * * [T]he defendant claims he waived indictment without the advice of counsel at that time. * * *"

had already been accorded that privilege in his 1963 Habitual Criminal Proceeding; that since the issues and parties were the same, the validity of those prior convictions had been established and that determination was res judicata unless there had been some change in the law which would raise constitutional issues which the defendant had had no opportunity to raise in the first Habitual Criminal Proceeding.

■ A defendant, if charged under ORS 168.055 with being an habitual criminal, may allege constitutional defects and thereby call into question one or more of his prior convictions. *Clark v. Gladden*, 247 Or 629, 637, 432 P2d 182 (1967).

Is the defendant by reason of the earlier 1963 Habitual Criminal Proceeding now foreclosed from inquiring into the constitutional validity of his previous convictions? In *Clark v. Gladden*, supra, the court was faced with an analogous situation. A prisoner was serving an enhanced sentence as an habitual criminal. In the Habitual Criminal Proceeding, the defendant, being represented by counsel, did not see fit to challenge any of his prior felony convictions and admitted the truth of the previous convictions. Later the defendant filed a post-conviction petition alleging that the prior convictions were invalid because of denial of counsel and other constitutional defects. The issue was whether the defendant had waived (ORS 168.075) his right to challenge his prior convictions by failing to raise them at the hearing. The court held that despite admission by the defendant at the time of the original enhancement of penalty proceeding that the allegations of conviction were true, the alleged defects in the convictions had not been waived by the mere failure of the defendant to challenge the prior convictions at that time.

*Clark v. Gladden,* supra, involved an appeal from a single Habitual Criminal Proceeding. However, the court also discussed ORS 138.510 (1) and 138.550 (1) and (2). The court stated:

"Under ORS 138.510 (1) a prisoner has a statutory right, however tardily he may act, to petition for redress of constitutional grievances so long as the questions presented were not *actually* decided in his former proceedings nor otherwise barred by express terms of the statute. See ORS 138.550 (1), (2)." 247 Or at 635. (Emphasis supplied.)

Here the defendant contends that the validity of his prior convictions was never actually challenged in the 1963 proceeding and, further, that he plead guilty at that time on the advice of his attorney, just as in *Clark v. Gladden,* supra. Defendant's specific contention in this appeal is that he wishes to attack two of his prior felony convictions prior to the 1963 proceeding solely on the ground that his waiver of indictment in those earlier cases was made without the advice of counsel. Since the present case was decided in 1967, this issue was not available to him in the 1963 Habitual Criminal Proceeding since *Clark v. Gladden,* supra, had not yet been decided. We note also that *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L Ed2d 799, 93 ALR2d 733, was handed down on March 18, 1963, and that the defendant's first Habitual Criminal Proceeding took place on January 18, 1963. Thus we think that the defendant here was entitled to collaterally attack in the 1967 proceeding the earlier convictions which he now seeks to challenge.

■ However, before one may obtain post-conviction relief, he must show that he has suffered some prejudice in the criminal process. *Dixon v. Gladden,* 250 Or 580, 444 P2d 11 (1968).

■ In *State v. Miller,* 254 Or 244, 458 P2d 1017 (1969), the defendant, while unrepresented by counsel, waived his right to be indicted by the grand jury and consented to the filing of an information. Later, the defendant contended that the information was invalid because of lack of counsel at the time of waiver of indictment. The court held the information valid, saying:

"* * * If waiver of indictment is a 'critical stage' in the proceedings, he was entitled to be represented, prejudice is presumed, and his contention is correct. *Hamilton v. Alabama,* 368 US 52, 82 S Ct 157, 7 L Ed 2d 114 (1961).

"* * * * * *

"* * * We do not believe that waiver of indictment is a critical stage in the proceedings because of any possible danger that informations will be filed under circumstances in which an indictment could not have been secured. We believe that *Hamilton* requires, in the absence of an intelligent and knowing waiver of counsel, legal representation for an accused at a time when he must take steps or make a choice which is likely to have a substantial effect on the prosecution against him. We do not perceive that waiver of grand jury is such a choice, as we do not believe that such a waiver is actually determinative of whether criminal proceedings could or would be brought." 254 Or at 248-49.

We are bound by that opinion. Accordingly, since no prejudice resulted, it follows then that the first assignment of error is without merit.

■ In *Bailleaux v. Gladden,* 230 Or 606, 370 P2d 722 (1962), the petition in a post-conviction case alleged that state officials followed a fixed, continuous and concerted plan not to enforce the habitual crim-

inal laws against non-whites, claiming deliberate discriminatory intent in violation of the Fourteenth Amendment, the court said:

"* * * It is not a denial of equal protection that one person amenable to an enhanced penalty under the Habitual Criminal Act has his penalty increased and the act is not applied to other previously-convicted felons * * *." 230 Or at 611.

In *State v. Bailleaux,* 4 Or App 462, 479 P2d 245 Sup Ct *review denied* (1971), the issue was the exact one urged by the defendant in this case—selective enforcement against men only. The court, in a memorandum decision based on *Bailleaux v. Gladden,* supra, held the contention without merit. We adhere to that rule.

Judgment affirmed.