Argued and submitted October 24, affirmed in part,
reversed in part and remanded December 15, 1980,
appellant's reconsideration denied January 22,
respondent's reconsideration denied January 29,
petitions for review denied March 17, 1981 (290 Or 651)

FREDERICK W. CARROLL
*Respondent,*
*v.*
CUPP,
*Appellant.*

(No. 114,981, CA 17914)

621 P2d 72

William F. Gary, Deputy Solicitor General, Salem, argued the cause for appellant. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem.

Michael E. Swain, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a post-conviction relief proceeding in which petitioner seeks release from incarceration or, in the alternative, withdrawal of his plea of guilty on the ground that he has been denied effective assistance of counsel. The trial court granted the petition and remanded the case to the original trial court for the purpose of allowing petitioner to either affirm or withdraw his previously entered plea of guilty. The state appeals, pursuant to ORS 138.650.[1] We reverse in part.

On September 1, 1976, petitioner executed a Petition to Enter Plea of Guilty in Multnomah County, which stated that he wished to plead guilty to charges of Robbery in the First Degree and Ex-Convict in Possession of a Firearm. The petition reflected his understanding that he faced a maximum sentence of 25 years imprisonment and a $2,500 fine and that his actual sentence would be decided by the trial court. In it petitioner agreed that a Deputy District Attorney would recommend 12 years incarceration, but would not prosecute petitioner for a second robbery. The document also contained information that petitioner had been convicted of homicide in California in 1963, of rape in California in 1961, and that he was under the influence of heroin at the time of the robbery to which he was pleading guilty.

On the date the plea was entered, the sentencing court and defense counsel had the following colloquy:

"THE COURT: Okay. I will accept your plea of 'guilty' to the two charges, Mr. Carroll.

"You have a right to wait two days before sentence is imposed, Mr. Carroll, or you may waive that waiting period.

"[DEFENSE COUNSEL]: Your Honor, I think a presentence report on this case is pretty much called for. This is an Impact case that normally should be run through the

---

[1] ORS 138.650 provides:

"Either the petitioner or the defendant may appeal to the Court of Appeals within 30 days after the entry of final judgment on a petition pursuant to ORS 138.510 to 138.680. The manner of taking the appeal and the scope of review by the Court of Appeals and the Supreme Court shall be the same as that provided by law for appeals in criminal actions, except that the trial court may provide that the transcript contain only such evidence as may be material to the decision of the appeal."

Diagnostic Center, due to his past record and the gravity of his past record and the relative lightness of the District Attorney's recommendation for incarceration. I think the Court should have some more information present.

"Additionally, there are three or four civilian people that would put input into the Court before sentencing.

"Accordingly, I would request a presentence report and we would not, in any event, waive the two days. If the Court—what I am saying is—if the Court is thinking of not requiring a presentence report, I need the two days to get the people here.

"THE COURT: *Oh, I will tell you what, [Counsel]. If you want a presentence report, I will get one.* They are up there working all the time, anyway, but—

"[DEFENSE COUNSEL]: I think we need one.

"THE COURT: *I say this based upon Mr. Carroll's petition. It appeared to me the District Attorney has made an extremely mild recommendation. I will get one, though.*

"[DEFENSE COUNSEL]: Fine.

"THE COURT: *I would like to make it clear to you that there may be material submitted that would make me feel that I don't want to follow his recommendation."* (Emphasis supplied).

At the sentencing hearing petitioner presented four witnesses, the combined effect of whose testimony was to indicate that some members of the community, in spite of petitioner's history, believed he would rehabilitate himself. During argument on sentencing, petitioner's counsel noted that, "On paper, the man looks a lot worse that he is as an individual" and requested release to Freedom House, a drug rehabilitation program. Petitioner made a long and articulate plea for clemency. The sentencing court sentenced petitioner to 20 years on the robbery charge with a five-year concurrent sentence for ex-convict in possession.

On September 25, 1979, petitioner filed a Petition for Post-Conviction Relief, later amended to allege, *inter alia,* that he had been denied effective assistance of counsel and due process. A hearing was held June 30, 1980, and on April 18, 1980, the post-conviction court, by letter, ruled for the petitioner:

"Having considered the testimony presented, the exhibits offered and admitted into evidence, and being advised by counsel for the respective parties as to their

positions in summation, this Court finds that no reasonably qualified defense attorney would have conducted petitioner's case in the manner in which defense counsel conducted it [and] that said conduct amounted to incompetency of defense counsel, producing results which were prejudicially harmful to petitioner. As a consequence, this Court finds that petitioner was denied his right to counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 11 of the Constitution of the State of Oregon."

The state assigns this ruling as error.

The criteria for determing whether effective assistance of counsel has been rendered is outlined in *Rook v. Cupp,* 18 Or App 608, 612-613, 526 P2d 605 (1974):

"In *Beasley v. United States,* 491 F2d 687 (6th Cir 1974), the Sixth Circuit Court adopted the standard defined by the Fifth in *West v. State of Louisiana,* 478 F2d 1026 (5th Cir 1973):

" 'We hold that the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. * * * Defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely manner. [Citing authorities.]

" '* * * If, however, action that appears erroneous from hindsight was taken for reasons that would appear sound to a competent criminal attorney, the assistance of counsel has not been constitutionally defective. *McMann v. Richardson,* 397 U.S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d. 763 (1970).' 491 F2d at 696.

"The Third Circuit Court in *Moore v. United States,* 432 F2d 730 (3rd Cir 1970), said:

" '* * * [T]he standard of adequacy of legal services as in other professions is the exercise of the customary skill and knowledge which normally prevails at the time and place.' (Footnote omitted.) 432 F2d at 736.

"Finally, the Supreme Court of West Virginia said:

" 'Where a counsel's performance, attacked as ineffective, arises from arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused.' *State v. Thomas,* 203 SE2d 445, 461 (W Va 1974).

"This brings into consideration counsel's skills as a lawyer and applies a test of reasonableness under the circumstances. We adopt that test. It does not change the rule that a petitioner has the burden of producing evidence supporting the claim of incompetence— *Benson v. Gladden,* 242 Or 132, 407 P2d 634 (1965), *cert denied* 384 US 908 (1966); *Storms v. Cupp, supra; Cole v. Cupp,* 3 Or App 616, 475 P2d 428, Sup Ct *review denied* (1970)—and it includes the thought that if any shown incompetence had no effect on the outcome of the case it will be treated as harmless. *Storms v. Cupp, supra; State v. Goddard,* 5 Or App 454, 485 P2d 650 (1971)."

The state argues:

"The facts in this case do not seem to be in dispute. It is clear that petitioner's counsel knew that defendant had been convicted of a homicide and a rape in California and that he had been under the influence of heroin at the time of the robbery for which he was charged. He further knew that the sentencing Court knew of the homicide, the rape, and the heroin intake from the Petition to Enter Plea of Guilty. That the sentencing Court was in fact aware of these matters is evidenced by the fact that he stated, 'I say this based upon Mr. Carroll's petition. It appeared to me the District Attorney has made an extremely mild recommendation.' It is evident that petitioner's counsel at sentencing made the tactical decision to explain the apparent incongruity between the District Attorney's mild recommendation and petitioner's past record by presenting evidence designed to demonstrate that, '[T]he man looks a lot worse [on paper] than he is as an individual.' *The very vigourous presentation at the sentencing hearing was obviously designed to do exactly that. The presentation of four character witnesses and two fairly impassioned pleas for clemency and release for drug rehabilitation treatment can only be consistent with the intention to mitigate the apparent harshness of the petitioner's record* as revealed by the Petition to Enter Plea of Guilty." (Emphasis supplied).

■■    The state is arguing, as we understand it, that the record shows that defense counsel's decision, in the face of an implied warning by the trial court, was simply a tactical decision. The difficulty with the state's argument is that the question of whether the decision was a tactical one, or was taken with blithe ignorance of the likelihood defendant would receive an enhanced sentence, is a *factual* one.

The facts recited would support either inference. It follows that the trial court's acceptance of one inference, to the exclusion of the other, was immune from re-examination by this court.[2] *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). The trial court's ruling that defendant did not receive competent representation is affirmed.

■      As a second assignment of error, the state argues that, even if the trial court's ruling with respect to the competency of counsel was correct, the remedy which the court fashioned was improper. We agree.

The post-conviction court ordered that this case was to be

> "* * * remanded back to the trial court for the purpose of allowing petitioner to either affirm or withdraw his previously entered plea of guilty, and for further proceedings consistent with petitioner's election."

This remedy is too broad. Petitioner's evidence established only that his *sentence,* not his *plea,* was the product of inadequate representation. The appropriate remedy is vacation of petitioner's sentence and remand to circuit court for imposition of sentence by a different circuit judge under the circumstances to which petitioner had originally agreed.

Affirmed in part, reversed in part and remanded.

---

[2] The state did not call the defense attorney to testify at the post-conviction proceeding.