[No. 18585-3-I.   Division One.   August 10, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS R. HERZOG, *Appellant*.

*Dennis A. Benjamin* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney, Deborah J. Phillips, Senior Appellate Attorney,* and *Stuart D. Heath, Deputy,* for respondent.

PER CURIAM.—Dennis Herzog seeks accelerated review of his adult sentence for first degree rape. The State has filed a cross appeal of the same issue. In addition, Herzog subsequently filed a motion to strike the State's response and a motion on the merits. We grant Herzog's motion for accelerated review and reverse and remand for resentencing. Herzog's remaining motions are denied.

Herzog was convicted of first degree rape in King County Superior Court on May 16, 1986. Upon sentencing, the State presented the following criminal history to the court for purposes of calculating Herzog's offender score: a 1978 conviction for escape, violative of Idaho Code § 18–2505; and a 1981 conviction for rape, violative of ¶ 177 of West Germany's criminal code. The trial court found that the 1981 West German rape conviction did not meet the requirements of the United States Constitution in that Herzog's trial was conducted before a panel of only two jurors. Therefore, the conviction would not be counted in calculating the defendant's offender score.

Instead, the court assigned Herzog an offender score of 1, counting only the 1978 Idaho conviction. The seriousness level of first degree rape is 10, resulting in a standard range of 57 to 75 months. The court sentenced Herzog to 71.5 months, to be preceded by an evaluation for entry into the sexual offender's treatment program at Western State Hospital.

The 1978 Idaho conviction was properly determined by the trial court to be equivalent to a violation of RCW 9A.76.120,[1] which is a class C felony. Herzog argues that this class C felony should have been "washed out" under RCW 9.94A.360(2) because the 1981 conviction was found to be invalid.[2] The State contends that both prior convictions should be included in the offender score calculation and that the trial court erred in excluding the 1981 conviction.

■ *State v. Ammons,* 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796, *cert. denied,* ___ U.S. ___, 93 L. Ed. 2d 351, 107 S. Ct. 398 (1986) established that the State need not prove the constitutional validity of prior convictions in order to use them to determine the defendant's offender score under RCW 9.94A.360, .370. However, the court noted an exception to that general rule:

> We hold that the State does not have the affirmative burden of proving the constitutional validity of a prior conviction before it can be used in a sentencing proceeding. However, a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered. *See In re Bush* [26 Wn. App. 486, 497–98, 616 P.2d 666 (1980), *aff'd,* 95 Wn.2d 551, 627 P.2d 953 (1981)]; *United States v. Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972); *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967).

---

[1] "9A.76.120 Escape in the second degree. (1) A person is guilty of escape in the second degree if:

"(a) He escapes from a detention facility; or

"(b) Having been charged with a felony or an equivalent juvenile offense, he escapes from custody.

"(2) Escape in the second degree is a class C felony."

[2] RCW 9.94A.360(2) permits the exclusion or "washing out" of certain prior convictions as follows: "Class C prior felony convictions shall not be included in the offender score if, since the last date of release from confinement (including full–time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without being convicted of any felonies. . . ."

Constitutionally invalid on its face means a conviction which without further elaboration evidences infirmities of a constitutional magnitude.

*State v. Ammons,* 105 Wn.2d at 187–88. In *State v. Marsh,* 47 Wn. App. 291, 295, 734 P.2d 545 (1987), we held that the State must establish a defendant's criminal history for sentencing purposes by a preponderance of the evidence. RCW 9.94A.110. To do so, the State may introduce any document of record or transcripts of prior proceedings to meet its burden. Here, the State's own evidence established, on its face, that Herzog was convicted by a 2–person jury in the West German case. No evidence rebutting or disputing that fact was offered.

■ Trial to a jury of less than six persons for crimes involving a penalty exceeding 6 months' imprisonment is a deprivation of the defendant's Sixth and Fourteenth Amendment rights to trial by jury. *Ballew v. Georgia,* 435 U.S. 223, 55 L. Ed. 2d 234, 98 S. Ct. 1029 (1978). Here, the evidence discloses an infirmity of constitutional dimensions. By the constitutional standards of the United States, Herzog's conviction is facially invalid and the trial court correctly refused to consider it in sentencing.

■ Herzog further contends that the trial court erred in failing to "wash out" his 1978 conviction under RCW 9.94A.360(2). Reluctantly, we agree. The 1981 conviction must be completely removed from consideration. The result is a "conviction–free" period in excess of 5 years' duration between Herzog's remaining convictions. Having found the West German conviction constitutionally invalid for purposes of calculating Herzog's offender score, it is also invalid for purposes of applying the "wash out" statute. In either case, its inclusion would permit the use of a constitutionally invalid prior conviction to enhance punishment for a subsequent offense. *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967). The court erred in including the 1978 conviction in Herzog's criminal history.

835

Reversed and remanded.

Reconsideration denied November 9, 1987.