Argued and submitted December 18, 1995, affirmed March 27, petition for review denied July 30, 1996 (324 Or 18)

## STATE FARM FIRE AND CASUALTY COMPANY,
an Illinois corporation,
*Respondent,*

*v.*

## William F. SALLAK,
*Defendant,*

*and*

## William SHERBURN,
*Appellant.*

## (93C10229; CA A87069)

914 P2d 697

Anthony A. Allen argued the cause for appellant. With him on the briefs was the Law Offices of Michael B. Dye.

J. Philip Parks argued the cause for respondent. With him on the brief were J. Marie Bischman and Parks, Bauer, Sime & Winkler.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

State Farm Fire and Casualty Company (State Farm) brought this declaratory judgment action to establish that it had no obligation to defend or to indemnify its insured, Sallak, in a personal injury action commenced by appellant, Sherburn. The trial court granted State Farm's motion for summary judgment and entered a declaratory judgment. Because there is no dispute about the facts, we review to determine whether summary judgment is appropriate as a matter of law, ORCP 47 C, and affirm.

On July 8, 1990, Marion County Sheriff's Officer Sherburn went to the scene of a domestic disturbance at the home of Sallak and his wife. Sherburn was injured in an altercation with Sallak while Sherburn was attempting to arrest Sallak. On July 31, 1990, Sallak pleaded guilty to resisting arrest and assaulting a public safety officer. ORS 162.315; ORS 163.208.

Sherburn subsequently filed an action in negligence against Sallak, seeking to recover damages for the injuries he suffered while arresting Sallak on July 8. Sallak tendered defense of that lawsuit to State Farm, which had issued his homeowner's policy. State Farm then brought this proceeding, seeking a declaration that it has no duty to defend or to indemnify Sallak, because of a policy exclusion for bodily injury or property damage "which is either expected or intended by an insured[.]" The trial court granted State Farm's motion *in limine* to prohibit Sherburn or Sallak from arguing or offering evidence that Sherburn's injuries were caused by other than the criminal assault committed by Sallak. On its own motion, the court then granted summary judgment for State Farm, on the ground that Sallak's criminal conviction "precludes any decision other than the act was intentional and that the results were intended or anticipated."

Sherburn assigns error to the granting of summary judgment. He contends that a judgment based on a guilty plea is not the equivalent of an adjudication on the merits of the case. State Farm responds that, as a matter of law, issue preclusion should apply to guilty pleas.

■     An insured may be precluded from contending that insurance coverage is available if, in an earlier proceeding, the facts establishing that coverage is not available have necessarily and conclusively been determined. *State Farm Fire & Cas. v. Reuter*, 299 Or 155, 160, 700 P2d 236 (1985); *Casey v. N.W. Security Ins. Co.*, 260 Or 485, 492, 490 P2d 208 (1971).

It is already established in Oregon that a criminal conviction following a full adjudication can have preclusive effect in a later civil proceeding. *Casey*, 260 Or at 492. The question in this case is whether a criminal conviction following a guilty plea can also have preclusive effect in a subsequent civil proceeding.

■     Issue preclusion prevents relitigation in a later proceeding of an issue of ultimate fact that has been finally determined by a valid prior proceeding. *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993). Issue preclusion can be based on constitutional principles, the common law or a statute. *Id.*; ORS 43.130.[1]

In *Nelson*, the Supreme Court held that:

"If one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if five requirements are met:

"1.   The issue in the two proceedings is identical.

"2.   The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

"3.   The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

---

[1] ORS 43.130 provides, in part:

"The effect of a judgment, decree or final order in an action, suit or proceeding before a court or judge of this state or of the United States, having jurisdiction is as follows:

"* * * * *

"(2) In other cases, the judgment, decree or order is, in respect to the matter directly determined, conclusive between the parties, their representatives and their successors in interest by title subsequent to the commencement of the action, suit or proceeding, litigating the same thing, under the same title and same capacity."

"4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5. The prior proceeding was the type of proceeding to which this court will give preclusive effect." 318 Or at 104. (Citations and footnote omitted.)

■ Here, there is no dispute that the first, third and fourth requirements of issue preclusion have been met. The issue in the criminal case and in this declaratory judgment proceeding are identical: Whether Sallak knowingly or intentionally caused Sherburn's injuries.[2] Sallak had a full and fair opportunity to be heard in the criminal proceeding. He knowingly and voluntarily waived his right to a trial by jury, the right to present evidence and the right to confront witnesses, ORS 135.385, and established to a judge's satisfaction that his plea was voluntarily and intelligently made, ORS 135.390. It is true that Sherburn did not participate in the criminal proceeding. Nonetheless, he was in privity with Sallak. *Reuter*, 299 Or at 167. Sherburn argues that the second and fifth requirements of issue preclusion have not been met, because a judgment based on a guilty plea is not the equivalent of an adjudication on the merits and because a guilty plea is not the type of proceeding to which courts will give preclusive effect.

■ Entry of a guilty plea does not satisfy the "actually litigated" requirement of issue preclusion, Sherburn contends, because no adversarial litigation takes place and no findings of fact are made. State Farm responds that, because Oregon "requires a multitude of procedural protections" before a guilty plea is accepted, a guilty plea should satisfy the "actually litigated" requirement for purposes of issue preclusion. Based on the undisputed facts in this case, we agree with State Farm.

■ A guilty plea is an admission of the ultimate facts that are the material elements of the crime charged in the indictment. *State v. Hetland*, 31 Or App 529, 534, 570 P2d 1201, *rev den* 280 Or 683 (1977), *cert den* 436 US 909 (1978). In the criminal case, Sallak pleaded guilty to "*knowingly*

---

[2] The parties do not argue whether an injury that was *knowingly* inflicted falls within the policy exclusion for *expected* or *intended* injuries.

caus[ing] physical injury" to Sherburn. (Emphasis supplied.) As explained above, the trial court accepted Sherburn's guilty plea only after engaging in a colloquy with him to satisfy the court that the plea was voluntarily and intelligently made. ORS 135.390. More significantly, Oregon law also requires that

> "After accepting a plea of guilty or no contest, the court shall not enter a judgment without making *such inquiry as may satisfy the court that there is a factual basis for the plea.*" ORS 135.395. (Emphasis supplied.)

There is no dispute that the multiple safeguards surrounding the entry of a guilty plea were satisfied in this case. Because the factual basis rule requires that the trial court be convinced that the plea is founded on fact, we conclude that acceptance of Sallak's plea is the equivalent of a judicial determination of each of the material elements of Sallak's crime and satisfies the "actually litigated" requirement of issue preclusion.

■　The final requirement of issue preclusion—whether the prior proceeding was the type to which the courts will give preclusive effect—refers to whether an administrative forum maintains procedures that are sufficiently formal and comprehensive to be like a judicial proceeding. *Fisher Broadcasting, Inc. v. Dept. of Rev.*, 321 Or 341, 347 n 6, 898 P2d 1333 (1995); *Nelson*, 318 Or at 104 n 4. A proceeding that concludes in a judicial judgment unquestionably satisfies the final requirement of issue preclusion. ORS 43.130. *Cf. Tiano v. Elsensohn*, 268 Or 166, 170-71, 520 P2d 358 (1974) (defendant's stipulation in prior proceeding was a judicial admission of a specific fact that is binding on him in a subsequent proceeding).

Our conclusion is consistent with the Ninth Circuit, which has held that, as a general rule, "the doctrine of [issue preclusion] applies equally whether the previous criminal conviction was based on a jury verdict or a guilty plea." *United States v. Bejar-Matrecios*, 618 F2d 81, 83 (9th Cir 1980); *see also State ex rel Leach v. Schlaegel*, 191 W Va 538, 447 SE2d 1 (1994) (guilty plea to battery estops defendant from denying that very action in subsequent civil action); *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 157

Misc 2d 198, 595 NYS2d 999 (Sup Ct 1993) (guilty plea, for purposes of collateral estoppel, is equivalent to conviction); *State Mut. Ins. Co. v. Bragg*, 589 A2d 35, 38 (Me 1991) (argument that unilateral action in pleading guilty should not preclude victims from pursuing negligence remedy is "unpersuasive"); *State Farm Fire and Cas. Co. v. Johnson*, 466 NW2d 287, 289 (Mich App 1990) (plea of guilty dispels any triable factual issue regarding defendant's intent or expectation to cause injury); *Ideal Mut. Ins. Co. v. Winker*, 319 NW2d 289, 296-97 (Iowa 1989) (guilty plea entered in criminal prosecution precludes convicted party from relitigating issue of criminality in subsequent declaratory action brought against him by insurer to construe exclusionary provision of policy). Several jurisdictions have codified the principle, *see, e.g.*, Ariz Rev Stat Ann § 13-807 (1995) (issue preclusion extends to judgments of guilty resulting from no contest pleas), and at least one has declared that even an *Alford* plea[3] does not make a criminal conviction immune from application of issue preclusion. *Merchants Mutual Insurance Company v. Arzillo*, 98 App Div 495, 472 NYS2d 97 (1984); *but see Safeco Insurance Company of America v. McGrath*, 42 Wash App 58, 708 P2d 657 (1985) (criminal conviction based on *Alford*-type guilty plea not entitled to preclusive effect); *Prudential Property and Casualty Insurance Company v. Kollar*, 243 NJ Super 150, 578 A2d 1238 (App Div 1990) (plea of guilty to aggravated arson does not establish that defendant intended specific property damage that resulted); *Aetna Casualty and Surety Company v. Niziolek*, 395 Mass 737, 481 NE2d 1356 (1985) (no issue preclusion because taking of guilty plea is not equivalent to an adjudication on the merits after full trial where judge must find factual basis for *charge* rather than plea).

The trial court did not err in granting summary judgment to State Farm.

Affirmed.

---

[3] An *Alford* plea is a guilty plea in which the defendant refuses to admit commission of the criminal act or which contains a protestation of innocence. In such a situation, the trial court must determine that there is a factual basis for the plea. *North Carolina v. Alford*, 400 US 25, 91 S Ct 160, 27 L Ed 2d 162 (1970).