Argued and submitted February 27; resubmitted In Banc July 16, affirmed
October 15, 1997, petition for review denied March 4, 1998 (326 Or 507)

STATE OF OREGON,
*Respondent,*

*v.*

BRYAN DALE GRAVES,
*Appellant.*

(95C-20175; CA A91461)

947 P2d 209

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

RIGGS, J.

Edmonds, J., concurring.

**RIGGS, J.**

Defendant appeals from a judgment of conviction and sentence for one count each of attempted murder, first-degree assault and first-degree burglary. He assigns error to the trial court's determination that the sentence on his burglary conviction must run consecutive to his sentence on the attempted murder conviction and to the trial court's decision to count defendant's courts-martial convictions in assessing his criminal history score. We affirm the trial court's rulings and write only to address the concerns raised with the treatment of the military convictions.

Briefly, the state's evidence showed that defendant unlawfully entered his father's home, set up a 12-gauge shotgun as a "trapgun" in his father's bedroom and, when his father came home from work and opened the door to his bedroom, the gun shot him in the abdomen. Defendant's convictions followed a jury trial. At sentencing, defendant objected to the trial court's use of courts-martial convictions, incurred under the Uniform Code of Military Justice for crimes committed while defendant was in the Marine Corps, in assessing his criminal history score. He argued, among other contentions, that because military personnel are not afforded a jury trial in courts-martial, those convictions are invalid under the Oregon Constitution, Article I, section 11,[1] and therefore cannot be used to assess criminal history. The trial court considered defendant's military convictions, which had resulted from guilty pleas, in setting defendant's criminal history score at E. We review the trial court's determination for errors of law pursuant to ORS 138.222(4)(b); *see State v. Stewart/Billings*, 321 Or 1, 7, 892 P2d 1013 (1995).

At the time of defendant's crimes, OAR 253-04-011(1) provided:

"An out-of-state adult conviction shall be used to classify the offender's criminal history if the elements of the offense

---

[1] Article I, section 11 states, in pertinent part, that

"[i]n all criminal prosecutions, the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed."

would have constituted a felony or Class A misdemeanor under current Oregon law."

The Commentary to the rule states, in part, that "[a]s used in this rule, 'out-of-state convictions' include federal, tribal court, military and foreign convictions, and convictions from other states of the United States." *Oregon Sentencing Guidelines Implementation Manual* 57 (1989). The rule subsequently has been amended to clarify that convictions from military tribunals are to be captured as "person offenses" if the elements of the offense would have constituted an offense listed at OAR 253-03-001(14) or (15). Or Laws 1995, ch 520, § 1.

■      Defendant concedes that pursuant to OAR 253-04-011, his military convictions are of the type that should be considered and that when considered they yield a criminal history score of E. The only contention raised on appeal concerning the military convictions is that, because the procedures used in courts-martial are different from those guaranteed a criminal defendant under Article I, section 11, of the Oregon Constitution, those convictions cannot be used to enhance defendant's sentence under the guidelines. We reject the contention.

Under *Clark v. Gladden*, 247 Or 629, 636-37, 432 P2d 182 (1967),[2] a defendant may challenge the constitutional validity of an out-of-state conviction that is to be used to enhance a sentence. Against that backdrop, defendant asserts that the constitutional validity of an out-of-state conviction is to be measured by Oregon constitutional standards. In our view, that formulation does not find support in either the Oregon Constitution or the case law. Article I, section 11, provides that "in all criminal prosecutions," the accused has "the right to public trial by an impartial jury." The provision governs *prosecutions* in Oregon. It does not speak to the validity of convictions based on prosecutions conducted in other jurisdictions. In *State v. Davis*, 313 Or 246, 251-54, 834 P2d 1008 (1992), the Supreme Court considered whether the protections of Article I, section 9, of the Oregon Constitution

---

[2] *See also State v. Stewart / Billings; State v. Holliday*, 110 Or App 426, 429, 824 P2d 1148, *rev den* 313 Or 211 (1992).

apply in an Oregon prosecution with regard to evidence that had been obtained out of Oregon by out-of-state law enforcement officials. The court held that, for purposes of Article I, section 9, it mattered not where the evidence was obtained or by what governmental entity:

> "[T]he constitutionally significant fact is that the Oregon government seeks to use the evidence in an Oregon criminal prosecution. Where that is true, the Oregon constitutional protections apply." *Id.* at 254.

Thus, a person being prosecuted in Oregon can raise challenges under Article I, section 9, to the use of evidence obtained outside of Oregon. It does not, however, follow that a person can challenge an out-of-state conviction on the ground that the evidence used in the out-of-state trial did not comport with the requirements of Article I, section 9. As the court said in *Davis*, the prosecution in Oregon is the "constitutionally significant fact" that renders Oregon's constitutional protections applicable. *Id.* at 254. Similarly, here, the protections of Article I, section 11, of the Oregon Constitution are available to a person being prosecuted in Oregon. Those protections do not bear on the validity of defendant's out-of-state convictions; rather, the validity of an out-of-state convictions should be tested under the constitutional requirements of that jurisdiction *or* of the federal constitution. *See, e.g., State v. Herzog*, 48 Wash App 831, 740 P2d 380 (1987) (defendant's West Germany convictions by a two-person jury violated Sixth and Fourteenth Amendments to the United States Constitution).

The Supreme Court's opinion in *Clark* does not suggest otherwise. *Clark* involved a post-conviction challenge to a sentence as an habitual criminal. The petitioner asserted that the out-of-state convictions on which the sentence had been based were defective under the state and federal constitutions because he had not had the assistance of counsel. The post-conviction court granted the state's demurrer to the petition, and the question on appeal was whether a post-conviction petitioner could challenge the constitutionality of a foreign conviction to be used to enhance sentencing in Oregon. The court said:

"The full-faith-and-credit clause of Article IV, § 1, of the United States Constitution is not offended by a properly limited collateral attack. No state is required to take notice of foreign convictions in sentencing those who violate its own criminal laws. Each state is free to give foreign convictions such force as it deems proper in the administration of local sentencing policy. The courts of each state must determine which convictions meet constitutional standards in carrying out the legislative policy of their own recidivist laws. Thus, while a challenge to a foreign conviction in a local sentencing proceeding may take the form of a collateral attack, there is no constitutional reason for disallowing such an attack.

"An Oregon convict, therefore, may, when charged under ORS 168.055 with being a habitual criminal, allege constitutional defects and thereby call into question one or more of his prior convictions. * * *

*"If his allegations meet Oregon standards of legal sufficiency, and if his allegations are admitted or proven, the sentencing court will disregard the convictions thereby found to be constitutionally defective. See Oyler v. Boles, 368 US 448, 82 S Ct 501, 7 L Ed 2d 446 (1962)." Clark, 247 Or at 636-37* (emphasis supplied; citations omitted).

Thus, the court held, a constitutional attack on a foreign conviction was not barred, and the demurrer should not be allowed if a challenge has been adequately pleaded. The court then analyzed whether the petitioner's allegations *stated a ground for relief under Oregon's post-conviction statute, i.e.,* "[i]f his allegations meet Oregon standards of legal sufficiency." *Id.* Citing *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L Ed 2d 799 (1963), and *Lawson v. Gladden,* 245 Or 492, 422 P2d 681 (1967), the court said that a denial of counsel at trial or on a guilty plea is a constitutional defect that will render a conviction void. The court determined that the petitioner had adequately alleged a denial of counsel in connection with each of his former convictions. Accordingly, the court held, the post-conviction court had erred in allowing the state's demurrer. *Clark,* 247 Or at 640.

It is presumably the emphasized language from our quotation of *Clark* on which defendant relies in support of his

contention that Oregon courts must use the Oregon Constitution to determine whether an out-of-state judgment is constitutionally valid. In our view, when the court in *Clark* said "[i]f his allegations meet Oregon standards of legal sufficiency," it was not stating that the defendant must have made a substantively viable claim under the Oregon Constitution, but rather that the pleadings must adequately state a ground for post-conviction relief in Oregon. *Id.* at 638. That reading is borne out by the fact that, although the petitioner in *Clark* raised both state and federal constitutional challenges, the court did not test the allegations in *Clark* to determine whether the petitioner's former convictions could withstand a challenge under the Oregon Constitution or even cite the Oregon Constitution. All references are to cases discussing the federal constitutional requirement for assistance of counsel. It does not appear that the court considered whether the validity of the foreign convictions was to be measured under Oregon or federal constitutional standards. Under the court's pre-*State v. Kennedy*, 295 Or 260, 666 P2d 1316 (1983), analysis, that inquiry would have been unnecessary, because the pleadings alleged facts that demonstrated that the convictions violated federal constitutional standards. *Clark* does not support defendant's contention here that the Oregon Constitution provides the standards by which foreign convictions are measured.

The Supreme Court's recent opinion in *Stewart/Billings* supports our conclusion that the military convictions can be used for sentence enhancement. In that case, the defendants contended that their juvenile adjudications could not be used to calculate their criminal history scores under the sentencing guidelines, because those adjudications, although valid, were not subject to the provisions of Article I, section 11. The court held that there is no bar to using constitutionally valid juvenile adjudications later for adult sentencing purposes. The court rejected the defendants' assertion that use of the prior adjudications for sentence enhancement transformed the juvenile proceedings into criminal prosecutions and said that "defendants are being punished for their present crimes only, as to which they have received a jury trial in accordance with all constitutional requirements." *Stewart/Billings*, 321 Or at 10.

The same rationale applies here. We conclude that defendant's military convictions can be used in determining his criminal history score. Their use for that purpose does not make them Oregon convictions. Defendant is not being punished for his military convictions, but for his present crimes only. We hold that there is no bar to use of the military convictions in determining defendant's criminal history.

Affirmed.

**EDMONDS, J.,** concurring.

The majority holds that defendant's sentences are subject to enhancement as a result of the inclusion of military court-martial convictions in his criminal risk history score. Although I agree that defendant's military convictions are properly includable in his risk history score, I disagree with the majority's reasoning that the validity of an out-of-state conviction for enhancement purposes is not to be tested by Oregon constitutional standards.

Defendant argues that his military convictions are void under the Oregon Constitution because they are in violation of Article I, section 11, which guarantees the right to trial "by an impartial jury" to all charged with criminal offenses.[1] He asks us to follow the reasoning of the court in *State v. Herzog*, 48 Wash App 831, 740 P2d 380 (1987), in which the Washington Court of Appeals refused to consider a foreign conviction from a country in which the defendant was entitled to only a two-person jury for sentence-enhancing purposes. The Washington court held that the foreign conviction was facially invalid under the federal constitution and that the trial court correctly refused to consider it for purposes of sentence enhancement, even though the foreign judgment was a valid judgment in its country of origin. The majority rejects defendant's comparison, concluding that the "validity of out-of-state convictions should be tested under the constitutional requirements of that jurisdiction or of the federal constitution." 150 Or App at 441. That statement is

---

[1] Oregon Administrative Rules authorize the use of convictions by military tribunals if the elements of the offenses would have constituted offenses under Oregon law. In effect, defendant challenges the constitutionality of the application of that rule to him.

far-reaching and it has significant consequences to those subject to Oregon prosecutions. It is a conclusion with which I disagree.

We should hold that Article I, section 11, of the Oregon Constitution governs when the issue is whether a foreign conviction can be used to enhance an Oregon sentence. My position is premised on the belief that the protections against deprivation of liberty in section 11 are available to any person who is prosecuted within the state of Oregon. *See State v. Davis*, 313 Or 246, 254, 834 P2d 1008 (1992) (holding that the admissibility of evidence in an Oregon prosecution obtained by law enforcement officials outside the state is tested by Oregon Constitutional provisions). This case illustrates the importance of that interpretation because a portion of defendant's liberty is at stake. Depending on whether his criminal history risk score is enhanced by his military convictions, the duration of the maximum available sentences under the sentencing guidelines apparently could be affected by as much as 20 months. Although the majority concedes that the protections of section 11 are generally available to persons subjected to prosecution in Oregon, it opines that "[t]hose protections do not bear on the validity of defendant's out-of-state convictions." 150 Or App at 441. That bare conclusion ignores the deprivation of liberty that could occur if the protections of section 11 are not made available to individuals in the position of defendant.

In support of its assertion, the majority relies on its understanding of two Oregon Supreme Court cases: *State v. Stewart/Billings*, 321 Or 1, 892 P2d 1013 (1995), and *Clark v. Gladden*, 247 Or 629, 432 P2d 182 (1967). In *Stewart/Billings*, the court held that Oregon juvenile adjudications could be used for adult sentence enhancement because there were no constitutional infirmities in the juvenile adjudications. It relied on its reasoning in *State ex rel Juv. Dept. v. Reynolds*, 317 Or 560, 575, 857 P2d 560 (1993), that the jurisdictional phase of a juvenile proceeding under ORS 419.476(1)(a) is not a "criminal prosecution" within the meaning of section 11. Juvenile court proceedings are concerned with whether the statutory grounds for jurisdiction have been established and, if so, what disposition is in the best interests of the child. 317 Or at 574. The prosecution of

defendant was much different in nature. Unless the majority is prepared to say that general court martial proceedings for larceny of United States mail, the breaking of the glass window and two safe locks in a military personnel office, the destruction of military records, the theft of military property, the uttering of forged checks, burglary and the possession of identification instruments with the intent to defraud are not "criminal prosecutions" under section 11, the reasoning of *Stewart/Billings* is inapplicable.[2]

Also, the majority and I differ on our understanding of the import of the court's holding in *Clark v. Gladden.* Clark was serving an enhanced sentence as a habitual criminal. He filed a petition for post-conviction relief, alleging that foreign convictions from Missouri, Oklahoma and Texas upon which the enhancement was based were defective because of the denial of counsel and other constitutional defects in the procurement of those convictions. The trial court sustained a demurrer to his petition, and he appealed. First, the court pointed out the full-faith-and-credit clause of the federal constitution is not offended by a collateral attack. It said:

> "No state is required to take notice of foreign convictions in sentencing those who violate its own criminal laws. Each state is free to give foreign convictions such force as it deems proper in the administration of local sentencing policy. The courts of each state must determine *which convictions meet constitutional standards* in carrying out the legislative policy of their own recidivist laws." 247 Or at 636-37. (Emphasis supplied.)

The *Clark* court concluded:

> "An Oregon convict, therefore, may, when charged * * * with being a habitual criminal, allege constitutional defects and thereby call into question one or more of his prior convictions.
>
> "*If his allegations meet Oregon standards of legal sufficiency, and if his allegations are admitted or proven, the sentencing court will disregard the convictions thereby found to be constitutionally defective.*
>
> "*There is no reason for treating a foreign conviction differently than an Oregon conviction in carrying out Oregon*

---

[2] Defendant pled guilty to all of the above charges.

*sentencing policies.* The substantive question in either case is whether the former conviction called into question is one that ought to be considered as a part of the criminal history of the prisoner for our own sentencing purposes.

"* * * * *

"For our own purposes in administering the Oregon recidivist laws, the courts of this state can distinguish between a foreign conviction in which the prisoner alleges defects *that could be reached by collateral attack if it were an Oregon judgment and one in which he alleges some other constitutional irregularity which would not constitute grounds for post-conviction relief*[.]" *Id.* at 637-38. (Emphasis supplied; citations omitted.)

The Supreme Court's reasoning in *Clark* is applicable to this case. Because defendant was prosecuted in Oregon and his liberty is subject to deprivation by an Oregon court because of his foreign convictions, section 11's standards apply. The majority seeks to distinguish *Clark* on the ground that because all references in the opinion are to federal cases about the right to assistance of counsel, "[i]t does not appear that the court considered whether the validity of the foreign convictions was to be measured under Oregon or federal constitutional standards." 150 Or App at 442-43. To the contrary, the language of the opinion could not be more clear. Oregon courts are to disregard foreign convictions when Oregon standards of legal sufficiency are not met.

I turn now to defendant's specific arguments about the validity of his military convictions under Oregon law. The most salient fact in this case is that defendant did not assert his right to trial in military court. He was represented by counsel and pled guilty to all six counts. Moreover, he offers no evidence that he was induced to enter his pleas because of the characteristics of the factfinding process in the courts-martial.[3] Rather, he relies on an abstract argument that makes a comparison of those characteristics with the jury requirements under section 11 and concludes that, because

---

[3] In *Herzog*, the defendant's conviction arose from a two-person jury trial and not from a guilty plea. Thus, he was able to demonstrate that he had been harmed by the process that was facially invalid under the United States Constitution.

they are not comparable, his military convictions are necessarily void under section 11. In sum, there is no showing in this case that defendant was harmed by any of the alleged constitutional infirmities that he raises.

It is clear that under *Clark* a court is to consider the issue of the validity of a foreign judgment under the Oregon Constitution as if it had been rendered in Oregon in determining whether it ought to be used for enhancement purposes. As the court said, "there is no reason for treating a foreign judgment differently than an Oregon conviction in carrying out Oregon sentencing policies." In Oregon, a guilty plea is an admission of the ultimate facts that are the material elements of the crime charged. A judgment of conviction based on a guilty plea is a valid judgment so long as it is made voluntarily and intelligently, accompanied by a factual basis for the plea. *State Farm Fire and Cas. Co. v. Sallak*, 140 Or App 89, 914 P2d 697 (1996). There is no indication in this record that defendant's pleas were not factually based or not made voluntarily and intelligently. Our inquiry need go no further. Defendant should not be heard to complain about deficiencies in a factfinding process in which he did not participate and which did not lead to the judgments of conviction in issue. Accordingly, the trial court did not err in using his military convictions for purposes of enhancement.