26 P.3d 296 (2001)
107 Wash.App. 98
STATE of Washington, Respondent,
v.
David S. DEMAN, Appellant.
No. 46089-7-I.
Court of Appeals of Washington, Division 1.
July 2, 2001.
Gregory Link, Washington Appellate Project, Seattle, for Appellant.
Deborah Dwyer, King County Pros. Ofc., for Respondent.
BECKER, A.C.J.
By statute, two years must be added to a sentence for vehicular homicide for each of a defendant's prior convictions for driving under the influence. When the prior convictions have "washed out" of the defendant's offender score due to the passage of time, and thus cannot affect the determination of the standard range, they are still available to add time to the sentence once the standard range has been determined. Such enhancement is not precluded by State v. Cruz, 139 Wash.2d 186, 985 P.2d 384 (1999), nor by the seven-year limitation in RCW 46.61.5055(1).
Appellant David Deman, while intoxicated, drove his car into another vehicle on June 2, 1999. The impact fatally injured the occupant of the other vehicle. Deman fled the scene. The State charged him with one count of vehicular homicide under the influence of intoxicants, one count of hit and run, and one count of driving with a suspended license in the third degree. The State alleged, for purposes of enhancing the sentence for vehicular homicide, that Deman had two prior convictions for driving under the influence of intoxicants dated February 1, 1992 and April 8, 1993. Deman pleaded guilty to all counts but reserved the right to argue that his prior convictions could not be used to enhance his sentence on the conviction for vehicular homicide.
At sentencing, the State's position was that the sentence for the vehicular homicide conviction had to be enhanced by 24 months for each of Deman's two prior convictions, as mandated by RCW 9.94A.310(7). Deman argued that because the offenses had "washed out" they could not be used to enhance his sentence, citing State v. Cruz. The trial court agreed that the prior convictions had "washed out" but ruled that Cruz did not *297 preclude their use as enhancements. The court sentenced Deman to 98 months for the vehicular homicide count. This included an underlying standard range sentence of 50 months, based on an offender score that did not include the two prior convictions, and 48 months for the two enhancements. Deman, in this appeal, contends that the 48 months attributable to the enhancements must be stricken from his sentence.
According to the statute defining the crime of vehicular homicide, when the crime is committed while driving under the influence, a court must add two years to the sentence for each prior offense of driving under the influence:
(2) Vehicular homicide is a class A felony punishable under chapter 9A.20 RCW, except that, for a conviction under subsection (1)(a) of this section, an additional two years shall be added to the sentence for each prior offense as defined in RCW 46.61.5055.
RCW 46.61.520(2).[1]
The Sentencing Reform Act similarly provides:
An additional two years shall be added to the standard sentence range for vehicular homicide committed while under the influence of intoxicating liquor or any drug as defined by RCW 46.61.502 for each prior offense as defined in RCW 46.61.5055.
RCW 9.94A.310(7). Deman's convictions for driving under the influence in 1992 and 1993 each qualify as a "prior offense", as defined by RCW 46.61.5055(11), for purposes of these two enhancement statutes.
Deman claims, however, that because his prior offenses had "washed out" after five years, they were no longer available to be used as enhancements. The statute on which he relies provides that serious traffic convictions are not to be included in a defendant's offender score if they are more than five years in the past:
Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction. Serious traffic convictions shall not be included in the offender score, if since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender spent five years in the community without committing any crime that subsequently results in a conviction. This subsection applies to both adult and juvenile prior convictions.
RCW 9.94A.360(2) (emphasis added). Applying this statute, the trial court did not include Deman's two prior convictions in his offender score. As a result, his underlying standard range sentence was only 50 months, whereas it would have been longer if his prior convictions had been more recent.
The statute addresses only the calculation of the offender score. It does not say that serious traffic convictions are not to be used for enhancement purposes once they are five years in the past. Both the vehicular homicide statute and the Sentencing Reform Act clearly require the enhancement of a sentence for vehicular homicide to occur independently of the calculation of the defendant's standard range sentence and without regard to RCW 9.94A.360(2). Where the meaning of statutes is clear, the court should assume that the Legislature means exactly what it says. Plain words do not require construction. Sidis v. Brodie/Dohrmann, Inc., 117 Wash.2d 325, 329, 815 P.2d 781 (1991).
State v. Cruz, on which Deman relies, addresses the effect of RCW 9.94A.360(2) on calculation of the offender score. See Cruz, 139 Wash.2d at 193, 985 P.2d 384. Cruz does *298 not hold that a washed out conviction must be disregarded for all sentencing purposes, and it does not discuss the enhancement statutes. Because the trial court did not use Deman's prior driving under the influence convictions to determine his offender score, Cruz is inapplicable.
Deman also relies on State v. Keller, 143 Wash.2d 267, 19 P.3d 1030 (2001); State v. Roberts, 55 Wash.App. 573, 779 P.2d 732 (1989) and State v. Herzog, 48 Wash.App. 831, 740 P.2d 380 (1987), affirmed, 112 Wash.2d 419, 771 P.2d 739 (1989). None of these cases compels a conclusion that a conviction has lost all significance for all other purposes once it has washed out for purposes of calculating an offender score.[2]
Deman also argues that the trial court should not have used his 1992 driving under the influence conviction as an enhancement in any event. The enhancement statutes come into operation only when there is a "prior offense" as defined by RCW 46.61.5055. Deman contends this statute limits prior offenses to those occurring within seven years of the current offense. His current offense occurred more than seven years after the one in 1992.
RCW 46.61.5055(1) sets out the base penalty when the current offense is for driving under the influence (RCW 46.61.502) or for being in actual physical control of a vehicle while under the influence (RCW 46.61.504). See RCW 46.61.5055(1) ("A person who is convicted of a violation of RCW 46.61.502 or 46.61.504 and who has no prior offense within seven years shall be punished as follows:..."). Other sectionssee RCW 46.61.5055(2) and (3)increase the base penalty if a person has had a conviction for one or more of those offenses within the last seven years. Deman's current offense to which the enhancements apply is vehicular homicide, not an offense defined in RCW 46.61.502 or .504. RCW 46.61.5055 does not set forth the penalty to be imposed when the current offense is vehicular homicide. Its only application in a vehicular homicide case is to furnish a definition of "prior offense". See RCW 46.61.520(2); RCW 9.94A.310(7). Therefore, RCW 46.61.5055 does not alter the court's obligation to enhance the sentence for Deman's current offense of vehicular homicide. In applying the enhancement statutes, the trial court properly took into consideration both of Deman's prior offenses of driving under the influence, including the one that occurred more than seven years earlier.
The 98-month sentence is affirmed.
WE CONCUR: ELLINGTON, J., and KENNEDY, J.
NOTES
[1] The reference to "a conviction under subsection (1)(a) of this section" means a conviction for vehicular homicide committed when the driver was operating a motor vehicle while under the influence of intoxicating liquor or any drug, as opposed to when the driver was operating the vehicle recklessly or with disregard for the safety of others. RCW 46.61.520(1).
[2] To the extent Roberts interpreted Herzog as so holding, its interpretation is incorrect. Herzog held only that an unconstitutionally obtained prior conviction could not be included in the calculation of the defendant's offender score. The overly broad statement in Roberts"Herzog specifically requires that a `washed out' conviction be completely removed from consideration", Roberts, 55 Wash.App. at 581, 779 P.2d 732is dicta, inasmuch as it did not lead to reversal of the exceptional sentence imposed in Roberts, and therefore we are not compelled to view it as authoritative.